## BRAZEAL, AND OTHERS, v. SMITH.

1. A notice to a sheriff that a motion will be made against him and his sureties, for failing to pay over a sum of money collected upon an execution, is sufficient when it identifies the execution with certainty, and states the time when it issued and was placed in the sheriff's hands for collection; the receipt of the money upon it previous to its return day; that the money was demanded by competent authority, and refused, with the time when the demand was made; and also informs the sheriff that a motion will be made against him and his sureties, on a certain day or term of the court, for the sum so refused to be paid, with the damages allowed by statute.

2. In a motion against the sheriff and his sureties, when he is served with notice,

Brazeal, and others, v. Smith.

the bond is in no way essential, yet it may be introduced in evidence, to show he was in office, when he received the money, and when competent, as evidence, may be established by the certificate of the clerk of the court, in whose custody it is placed by law.

3. Under the statute which requires that the appointment of an agent shall be indorsed on the execution, when the plaintiff does not reside in the county to which it goes, or shall be made in writing, the sheriff may refuse to pay until such evidence is furnished him, but he waives this either by paying a part of the money, or in any other manner, recognizing the agency.

4. The sheriff is not competent to determine that one execution shall be set-off against another when he has one in favor of, and another against the same person.

5. Where the active interest in an execution has been assigned by the plaintiff, his assignee is authorised to use the name of his assignor in a rule against the sheriff and his sureties.

WRIT of Error to the Circuit Court of Blount county.

Motion against Brazeal, as the sheriff of Blount county, and his sureties for failing to pay over money collected upon an execution.

The notice that the motion would be made, was given to Brazeal only. It recites that judgment was obtained in the circuit court of Blount county, at the September term, 1839, by the plaintiff, against William and Anderson White, for six hundred and seventy-six 75-100 dollars, besides costs, that upon this judgment a writ of *fi. fa.* issued from the said court on the 25th May, 1840, and was placed in Brazeal's hands to execute, he then being sheriff, &c.; that on the 5th of June, of the same year, the said *fi. fa.* being in full force and effect, Brazeal as sheriff as aforesaid, received the amount of the said *fi. fa.* That the money was duly demanded of Brazeal on the 17th day of March, 1841, by William S. Mudd, attorney for the plaintiff, and $426 00 was paid, but Brazeal then neglected and refused to pay the remainder of the sum so collected; and has hitherto neglected and refused to pay, &c. It then proceeds to inform him that a motion will be made against him and his sureties (who are named,) at the March term of said court, for the year 1842, for the sum so collected and refused to be paid over, as well as for damages on it, at the rate of five per cent. per month from the time of the demand. The notice is dated March, 1842, and was served the 21st of that month.

The defendants appeared and joined issue, denying all the allegations of the notice.

The judgment entry recites all the material facts asserted in the notice, and that they were proved by the plaintiff. It also recites that the issue was tried by a jury, who found it for the plaintiff, and that Brazeal, whilst sheriff as aforesaid, did make and receive the sum of two hundred and fifty 75-100 dollars on said execution, which he did not pay over when the same was demanded as aforesaid: whereupon, the court gave judgment against the sheriff and his surviving sureties, for that sum, as well as one hundred and fifty dollars damages, at the rate of five per cent. per month, from the 17th March, 1841, until the time when judgment was rendered.

The defendants moved the court to quash the proceedings, on the ground that the notice was insufficient; but the motion was refused.

The plaintiff offered in evidence the official bond of the sheriff, purporting to be executed by him and the other defendants, as his sureties. It purported to be approved on the 11th of May, 1839, by the judge of the county court, and upon it was this memorandum: "The State of Alabama, Blount county, s. s. The foregoing bond was filed in my office for record, the 11th day of May, 1839, and was duly recorded on the 10th day of January 1840, in deeds book C. page 323. Test, John P. Thomas, clerk, by his deputy, Thomas B. Shearer."

The defendants objected to this as evidence, unless some other proof of its execution and validity was given. The court however admitted it.

The attorney mentioned in the notice, testified that he as the attorney of the plaintiff, had demanded the money from the sheriff. The defendant insisted the record showed that another person was the attorney of record. The court, upon this evidence, instructed the jury that this demand was a sufficient one.

It was admitted that the plaintiff named in the caption of the motion, had by a legal assignment, transferred all his interest in the judgment to one Banks; and also, that the sheriff, when the money was demanded from him, had in his hands, for collection, another *fi. fa.* in favor of one Truss, against the plaintiff, for a larger sum than that moved for. Upon these admissions, defendants asked the court to instruct the jury,

1. That the present plaintiff having transferred all his interest to Banks, could not sustain this motion.

2. That the sheriff was authorised to retain the money in payment of the execution in favor of Truss.

These instructions were refused.

The defendants having excepted to the ruling of the court in these several matters, now assign them as error.

BAYLOR, for the plaintiff in error.
COCHRAN, *contra.*

*Per Curiam.*—1. Our opinion is, that the notice is amply sufficient to enable the plaintiff to sustain the motion. It identifies the execution with certainty; the time when it was issued and placed in the sheriff's hands for collection; the receipt of the money upon it, previous to its return day, or its actual return; that the money was demanded by competent authority, and its payment refused, as well as the time when the demand was made. This, in addition to the information, that the motion would be made on a certain day, or term of the court, against the sheriff and his sureties, for the sum so refused, or neglected to be paid, with the damages allowed by the statute, is all that is necessary.

2. In the case of McClure v. Colclough, at this term, we held that when the proceeding is against the sheriff as well as his sureties, he alone is competent to litigate the questions involving his liability, and that all those between the plaintiff and the sureties, are thereby concluded, except the *factum* of the bond and its legal effect. It follows from this, that upon an issue, *to which the sheriff alone is a party,* that the bond is no wise essential, unless it may be necessary as evidence, to show the time when the sheriff was duly qualified to act as such; and it is very obvious that the cases must be rare in which it will be necessary to resort to such evidence, as any action by the sheriff, in his official capacity, could be more easily proved by other modes. Still we can not say, in the present case, that one of the questions before the jury might not have been whether Brazeal actually was the sheriff when he received this money, and to show that he was, his official bond would be competent evidence. We shall therefore enquire, whether the paper offered in evidence, was suffi-

ciently established, by what appeared upon it, to do away the necessity for further proof of its execution and validity.

The statute requires such bonds as these, to be recorded in the office of the clerk of the county court, of the proper county, and directs that the record of any such bond so recorded, may be proceeded on in the same manner as the original, under the certificate of the clerk, of its being a true copy, unless the court before whom any proceeding may be had, shall deem it necessary, for the purposes of justice to require the original. [Digest 101, § 16.] It is evident from this, that the bond of a sheriff is a public paper, which may be exemplified under the certificate of the proper officer, and the copy proceeded on in the same manner as the original. The direction that the record of the bond may be proceeded upon must be considered as indicating the intention that the exemplified copy shall have the same effect in every way as the original, unless the court shall require that to be produced. We can perceive no reason why it is not equally good as evidence as the original, even when a collateral fact is to be proved. As the statute thus makes a copy of the record evidence, it is clear that the same effect must be given to the bond itself, which is in reality the record. Of course, in no other county than that where the bond is filed could a question like this arise, for the clerk is not authorised to permit the original bond to be taken from his office, except by some order of court, but here the suit was in the same county, and probably the record was in the same building where the court was sitting. We think this exception unavailable.

3. With respect to the demand as having been made by a different attorney from the one of record, it is insisted, that under the statute, the appointment of the agent should either have been indorsed on the execution or made in writing. The statute referred to, [Digest, 174 § 75] is an enactment for the benefit and relief of sheriffs where the plaintiff is a *non resident of the county.* The proof here is silent as to the evidence, therefore the question is not raised upon the record; but if it was, the facts would seem to authorise the inference that the sheriff himself was satisfied with the evidence of agency. Such being the case, he ought not to be permitted to defend a motion on the ground that the appointment of the agent making the demand, was not in writing, when he had dealt with him as authorised, either by paying a

part, or in any other manner recognizing the agency. [Braley v. Stout, Ingoldby & Co. MSS. June T. 1842.]

4. The sheriff is not the proper authority to judge whether one execution can be set-off against another, or whether a sum collected in one suit shall be appropriated to the satisfaction of another. How far such an appropriation, before notice of any conflicting interest in another would create, or relieve the officer from liability, need not now be examined, as there is nothing to show that such an appropriation was made.

5. The fact that the entire interest in the execution had been assigned by the plaintiff to another, is no defence to this motion. As we have no statute prescribing a mode by which the assignee of a judgment may become a party to the record, it would seem to follow that every proceeding subsequent to the judgment, must be carried on in the name of the party, although the beneficial interest in the recovery is transferred to another.

Our conclusion on the whole case is, that the judgment must be affirmed.