# GARY v. BATES, ET AL.

1. A motion against a sheriff, for failing to make money on an execution, which had issued in favor of a plaintiff, who, after the rendition of the judgment, had been declared a bankrupt, must be made in the name of the assignee in bankruptcy.

Error to the County Court of Mobile.

MOTION by the plaintiff in error against the defendant, as sheriff and his sureties, for failing to return an execution.

The defendant pleaded, that after the rendition of the judgment, and before the execution issued, the plaintiff had been duly declared a bankrupt. The plaintiff demurred to the plea, and the court overruled the demurrer, and rendered judgment for the defendant, which is the matter now assigned as error.

W. G. JONES. for the plaintiff in error.—1. The plea must be founded on the idea that by the provisions of the bankrupt act, the title and right to the judgment being divested out of the bankrupt, and vested in the assignee, no execution could be issued on it in the bankrupt's name ; but some proceeding must be first had to make the assignee a party to the record. It is insisted that this is not necessary. Surely it cannot be supposed the assignment, by operation of law under the bankrupt act, has any greater efficacy than an assignment by deed, made by the plaintiff for a valuable consideration, would have. Yet, in that case, this court has expressly decided, that execution may issue on the judgment *in the name* of the plaintiff of record, though the assignee may control it, and receive the money, when made. [Brazeal, et al. v. Smith, 5 Ala. Rep. 206, 211.] This case is precisely in point, in principle, and relied on as decisive of the present case.

2. Whether the plaintiff has become a bankrupt, or not, is

Gary v. Bates, et al.

a question which the sheriff hes no interest or right to inquire into. His plain duty was to return the execution in due time. It is no excuse to him for this neglect of duty, that the plaintiff has become a bankrupt. Even if he has, the execution may be issued in his name, for the benefit of the assignee, or of any one who may have purchased the judgment at the sale of the bankrupt's effects. That such a defence as is here set up, cannot avail the sheriff, is shown by the cases of Brazeal, et al. v. Smith, 5 Ala. Rep. 206, 211, and McRae v. Colclough, 2 Ala. Rep. 74, 80, 82.

PHILLIPS, contra.—The right to the rule against the sheriff, for failing to return the execution, passed to the assignee in bankruptcy. [3 § Bankrupt act; Sullivan v. Bridge, 1 Mass. 511.]

The execution itself should have been sued out by the assignee, either in his own name, by *scire facias*, or in the name of the plaintiff to the judgment, on his application to the court. [Hewitt, assignee, v. Mantell, 2 Wils. 372; Bibbins, et al. v. Mantell, Ib. 378.]

If the suit was conducted in the name of the bankrupt, but for the use of the assignee, this should have been replied to the plea.

This is not like the case of Brazeal v. Smith, 5 Ala. Rep. 211, which was the assignment of a judgment: the court there place the decision upon the ground that there is no statute prescribing the mode by which the assignee may become party.

But the bankrupt act vests the legal as well as equitable title in the assignee, who is authorised to conduct the suit. Nor is it similar to those cases which deny the right of the sheriff to question the regularity of the execution. Here the objection is, that there is no one in existence entitled to proceed. Is not a defendant entitled to have some one on the record, liable for the costs?

Besides which, the court will see that the rights of the assignee are protected, and not permit suit to be conducted for the benefit of the bankrupt.

By the bankrupt act two years only are allowed to the as-

69

signee to wind up the affairs. If this demurrer is sustained, it would be difficult, if not impracticable to claim the protection of this statute.

ORMOND, J.—The bankrupt law, divests all property, and rights of property, of every name, nature, and description, out of the bankrupt, and vests it *ipso facto*, in the assignee. As to all his property, and rights of property, previously held by him, he is civilly dead, and the legal title thereto vested in the assignee. It follows necessarily, that as the assignee is the legal owner of the judgment, previously belonging to the bankrupt, he must also be entitled to any claim against the sheriff resulting from his default, or negligence in respect to that judgment, and being substituted in the place of the bankrupt, cannot enforce it against the sheriff in the name of the bankrupt, but must proceed in his own name, as he is clothed with the legal title, as well as being the owner of the beneficial interest.

And this creates the difference between this case, and Brazeal v. Smith, 5 Ala. 206. The assignment of a judgment *in pais*, does not transfer the legal title, and consequently if any act is necessary to be done, to make the judgment beneficial, as the suing out of process upon it, &c., it must be in the name of the plaintiff, who has the legal title, and who therefore, by his transfer, must have authorized the use of his name, to make his assignment beneficial to the assignee. The transfer, by the operation of the bankrupt law, as we have seen, not only gives the beneficial interest, but also confers the legal title.

The sheriff cannot, it is true, object to an irregularity in the execution, or to the use of the plaintiff's name, in a proceeding against him, though he has parted with the beneficial interest in the judgment. But that is wholly unlike this case. If he is responsible to any one for the failure to return the execution, it is not to the bankrupt, but to another person who has the right to the beneficial interest, and having also the legal title, can alone sue for its recovery.

From this it appears the court did not err in overruling the demurrer of the plaintiff, to the plea of the defendant, and its judgment must be affirmed.